IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 4:16-880-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOWARD DILLON | ) | |
|     a/k/a Robert Bradshaw | ) | |
| ANITA SHAPIRO | ) | |
| URBAN S. OSHEA, II | ) | |
| MADGELYN MELISSA DENIS KIRTON | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture as to the above-captioned defendants ("Defendants") based upon the following:

1. On November 15, 2016, an Indictment was filed charging the Defendants with:

   Count 1:      Conspiracy to utter forged or counterfeited securities and conspiracy to commit identity and mail theft, in violation of 18 U.S.C. §§ 513, 1028, 1708, and 371;

   Count 2:      Conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 1349; and

   Counts 3 and 4:      Identity theft, in violation of 18 U.S.C. § 1028.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon the Defendants' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified, such assets include, but are not limited to the following:

1. <u>MONEY JUDGMENT/ PROCEEDS</u>[1]:
   A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of approximately <u>$32,000.00</u> in United States currency and all interest and proceeds traceable thereto, and/or that such sum equals all property involved in or traceable to their violations of Title 18 U.S.C. for which the Defendants are jointly and severally liable.

3. The Defendants pled guilty pursuant to written plea agreements to Count 1, conspiracy to utter forged or counterfeited securities and conspiracy to commit identity and mail theft, and agreed to the entry of a forfeiture money judgment.

4. Based upon the Defendants' convictions, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The Court has determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offense for which the Defendants have been convicted; therefore, the United States is entitled to a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED**,

1. The below-described property, and all right, title, and interest of the Defendants in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

---

[1] The government is pursuing a money judgment in the amount of $31,509.00 as to each Defendant.

2. **FORFEITURE IS ORDERED** against each Defendant and in favor of the United States in the amount of $31,509.00, along with appropriate costs and interests thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The Government is not required to publish notice regarding the personal money judgment against the Defendants; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to the Defendants, and shall be made a part of their sentence and included in the criminal judgments.

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

May 1, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge